UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA ROTHENBERG, et al., | Civil Action No. 13-1972 (PGS) |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION |
| TARGET CORPORATION, et al. | RECEIVED |
| Defendants. | APR 10 2014 |
| | AT 8:30_____M |
| | WILLIAM T. WALSH CLERK |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiff Barbara Rothenberg's ("Plaintiff") motion seeking leave to file a Second Amended Complaint in order to add a count for fraudulent concealment of evidence and to pursue punitive damages in connection with that count. [Docket Entry No. 22]. Defendant Target Corporation ("Defendant" or "Target") opposes Plaintiff's motion. The Court has fully reviewed the papers submitted in support of and in opposition to Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth below, Plaintiff's motion is DENIED.

**I.   Background and Procedural History**

This matter arises out of the slip and fall of Plaintiff Barbara Rothenberg at the Target store located at 4955 U.S. 9 in the Township of Howell, County of Monmouth, State of New Jersey. The incident is alleged to have occurred on April 22, 2012. Plaintiff filed her initial Complaint on March 28, 2013 [Docket No. 1]. Target filed its Answer on April 5, 2013 [Docket No. 4]. On April 17, 2013, Plaintiff filed a First Motion to Amend [Docket No. 5], which was granted. Plaintiff filed her Amended Complaint [Docket No. 8] on May 14, 2013.

On February 3, 2014, Plaintiff filed the pending motion to amend [Docket Entry No. 22]. Through this motion, Plaintiff seeks to add one count for fraudulent concealment of evidence and

to pursue punitive damages in connection with that count based on the alleged failure of Target to provide a complete copy of the store's surveillance tapes, in particular two hours before the incident and two hours after the incident, as well as all views of surveillance concerning the incident.

Plaintiff argues that Target was in exclusive control and custody of the surveillance tapes she seeks, which would have displayed Plaintiff's fall as well as the conditions of the store leading up to and after said fall. In addition, Plaintiff argues that Target had a legal obligation to preserve the surveillance videotapes in their entirety as they existed on April 22, 2012 and to disclose this evidence in connection with an existing or pending lawsuit. Plaintiff further argues that the evidence it seeks, *i.e.*, surveillance tapes for two hours before and two hours after the incident, as well as all views of surveillance concerning the incident, is material to the underlying litigation and that Target should not be allowed to determine what relevant evidence is preserved.

Plaintiff claims that Target intentionally withheld, altered or destroyed said surveillance tapes and alleges that Target did so with the purpose to disrupt this litigation. Plaintiff argues that she has been damaged by Target's action because the destroyed footage would have depicted "the manner in which the liquid got onto the floor, how long the liquid was present prior to [Plaintiff's] fall, who placed the liquid on the floor, what persons were in the area prior to and after the fall and what steps were taken by the defendant to remove the liquid following her fall." (Pl. Reply Br. at 4). Further, Plaintiff notes that she could not have reasonably obtained access to the destroyed surveillance footage from any source other than Target. For these reasons, Plaintiff argues that she has asserted a viable claim for fraudulent concealment and likewise

2

asserts that she has satisfied the requirements of the Punitive Damages Act, N.J.S.A 2a:15-5.12 and is entitled to punitive damages for Target's intentional wrongdoing.

Target opposes Plaintiff's motion. Target acknowledges that Federal Rule of Civil Procedure ("Rule") 15(a) governs amendments to the pleadings. Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Target, however, also notes that leave to amend is not automatic. Instead, the Third Circuit has recognized that a request for leave to amend may be denied when the proposed amendment is futile. An amendment is futile if it "'is frivolous or advances a claim or defense that is legally insufficient on its face.'" (Target Opp. Br. at 2 (quoting *Harrison Beverage Co. v. Dribeck Impss. Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (citations omitted))). Target notes that in determining whether an amendment is insufficient on its face, the Court utilizes the same standard as employed in determining motions under Rule 12(b)(6). In addition, Target asserts that under Rule 12(b)(6), a plaintiff has an obligation to provide more than labels and conclusions to provide the grounds for his entitlement to relief as a formulaic recitation of the elements of the claim will not do. (*Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Further, Target argues that in cases alleging fraud or mistake, like that asserted in Plaintiff's proposed fraudulent concealment claim, Rule 9 (b) imposes a heightened pleading standard. In this regard, Target argues that in order for a plaintiff to adequately plead a fraudulent act under Rule 9 (b), that plaintiff must allege "'the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged.'" (*Id.* (quoting *Federico v. Home Depot*, 507 F 3d 188, 200 (3d Cir. 2007))).

Target argues that it has provided Plaintiff with the surveillance that best depicts the incident itself, *i.e.*, the surveillance that shows the Plaintiff's fall. Target further contends that

there is no indication in the record that it intentionally withheld, altered or destroyed evidence with the purpose to disrupt this litigation.  In addition, Target claims that Plaintiff has not shown how she has been damaged in by having to rely on the surveillance produced as opposed to video surveillance for two hours before and after the fall.  As a result, Target argues that Plaintiff's proposed amendments are futile and Plaintiff's motion should be denied.

## II.     Analysis

According to Rule 15(a), leave to amend the pleadings is generally given freely.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F3d 107, 121 (3d Cir. 2000).  Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.*  However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted.  *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

A motion to amend is properly denied where the proposed amendment is futile.  An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp.,Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990).  In determining whether an amendment is "insufficient on its face," the Court employs the Rule 12(b)(6) motion to dismiss standard and considers only the pleading, exhibits attached to the pleading, matters of public record and undisputedly authentic documents if the party's claims are based upon same.  *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).  When considering whether a pleading would survive a Rule 12(b)(6) motion, the Court must accept all facts alleged in the pleading as true and draw all reasonable inferences in favor of the party asserting them.  *Lum v.*

*Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004). "Dismissal is appropriate only if, accepting all of the facts alleged in the pleadings as true, the party has failed to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In other words, the facts alleged must be sufficient to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

While a pleading does not need to contain "detailed factual allegations," a party's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555. Thus, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In addition, although the Court must, in assessing a motion to dismiss, view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

Under New Jersey law, a plaintiff asserting a claim for fraudulent concealment must establish the following five elements:

> (1) That defendant in the fraudulent concealment action had a legal obligation to disclose evidence in connection with an existing or pending litigation;
> (2) That the evidence was material to the litigation;
> (3) That plaintiff could not reasonably have obtained access to the evidence from another source;
> (4) That defendant intentionally withheld, altered or destroyed the evidence with purpose to disrupt the litigation;
> (5) That plaintiff was damaged in the underlying action by having to rely on an evidential record that did not contain the evidence defendant concealed.

*Rosenblit v. Zimmerman*, 166 N.J. 391, 406-07 (2001). Additionally, case law clearly indicates that "the tort of fraudulent concealment . . . may be invoked as a remedy for spoliation where those elements exist." *Id.* at 407.

In determining whether a civil complaint sufficiently states a claim for relief, such as Plaintiff's proposed fraudulent concealment claim, the Court applies a two-part test. First the Court must separate the factual and legal elements of a claim. While the Court must accept as true "all of the complaint's well pleaded facts," the Court "may disregard any legal conclusions." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210-211 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 129 S.Ct. at 1950). Merely alleging an entitlement to relief is insufficient. Instead the complaint "has to 'show' such entitlement with the facts." *Id.* (citation omitted). A complaint will be dismissed unless it contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly,* 127 S.Ct. at 1955).

Further because Plaintiff's proposed amendment involves claims of fraud, the proposed amended pleading must also satisfy Rule 9(b). Rule 9(b) states, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Thus, under Rule 9(b), plaintiffs must plead with particularity the circumstances of the alleged fraud. They need not, however, plead "the date, place or time of the fraud, so long as they use an alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Seville Indus. Machinery v. Southmost Machinery*, 742 F.2d 786, 791 (3d Cir. 1984).

6

The Court finds that, as written, Plaintiff's proposed fraudulent concealment claim fails to state a claim for relief under Rule 12(b)(6) and, therefore, Plaintiff's proposed amendments are futile. While all of Plaintiff's proposed amendments appear in the newly added Third Count of her proposed Second Amended Complaint, the Court sets forth the entirety of the allegations asserted by Plaintiff in her proposed pleading:

> Plaintiffs, **BARBARA ROTHENBERG AND ALLEN ROTHENBERG, her husband,** residing at 706 Salem Court in the Township of Yardley, County of Bucks and State of Pennsylvania, by way of complaint, state:
>
> ### FIRST COUNT
>
> 1. That on or about April 22, 2012, the Plaintiff, **BARBARA ROTHENBERG,** was lawfully upon the premises known as Target, located at 4955 U.S. 9 in the Township of Howell, County of Monmouth and State of New Jersey.
>
> 2. That on or about April 22, 2012 the Defendant, **TARGET CORPORATION,** owned, maintained and/or controlled the premises known as 4955 U.S. 9 in the Township of Howell, County of Monmouth and State of New Jersey.
>
> 3. That on or about July 9, 2012, the Defendant, **TARGET CORPORATION**, was doing and continues doing business throughout the State of New Jersey, with locations in Middlesex County.
>
> 4. That on or about April 22, 2012, the defendants, **JOHN DOES 1-10 AND ABC CORP. 1-10 (fictitiously named store owners) and JANE ROES 1-10 AND DEF CORP. 1-10) (fictitiously named property owners)** owned, maintained and/or controlled the premises known as 4955 U.S. 9 in the Township of Howell, County of Monmouth and State of New Jersey.
>
> 5. That on or about April 22, 2012, the Defendant, **TONYA HEALY, STORE MANAGER,** was entrusted to the maintenance of the store known as TARGET, located at 4955 U.S. 9 in the Township of Howell, County of Monmouth and State of New Jersey.

6. That on or about April 22, 2012, **TONYA HEALY, STORE MANAGER,** failed to ensure that the premises and in particular, the floor was safe and free of hazards for its customers.

7. That on the aforementioned date, the Plaintiff, **BARBARA ROTHENBERG** was caused to slip and fall as a result of negligence of the defendants in the ownership, maintenance and control of their property.

8. As a direct and proximate result of said accident, the Plaintiff, **BARBARA ROTHENBERG,** was caused to suffer injuries; has and will be incapacitated from her normal activities; has incurred out-of-pocket expenses, including but not limited to medical bills, lost wages and other out-of-pocket expenses; and has suffered pain and will suffer in the future.

**WHEREFORE**, based upon the foregoing, the Plaintiff, **BARBARA ROTHENBERG,** demands judgment against the defendants for said sums that would reasonably and properly compensate her in accordance with the laws of the State of New Jersey together with interest and court costs.

## SECOND COUNT

1. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the First Count as if the same were set forth at length herein.

2. Plaintiff, **ALLEN ROTHENBERG,** is at all times herein mentioned and was and still is the lawful husband of the Plaintiff, **BARBARA ROTHENBERG,** has and will be deprived of the services and consortium of his wife, **BARBARA ROTHENBERG,** as a result of the injuries to his wife.

WHEREFORE, the plaintiff, **ALLEN ROTHENBERG,** hereby demands Judgment on this Count for damages, together with interest and court costs.

## THIRD COUNT

1. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the First and Second Counts as if the same were set forth at length herein.

2. That between April 22, 2012 to the present, Defendant, **TARGET CORPORATION,** was in exclusive control and

custody of surveillance videotapes in their store, specifically two hours before the incident and two hours after the incident, as well as additional surveillance recordings located throughout the store which displayed Plaintiff's fall.

    3. That between April 22, 2012 to the present, Defendant, **TARGET CORPORATION,** had a legal obligation to preserve the surveillance videotapes in their entirety as they existed on April 22, 2012 and disclose this evidence in connection with an existing or pending litigation. This evidence was material to the underlying litigation. Plaintiff, **BARBARA ROTHENBERG,** could not have reasonably obtained access tot his [sic] evidence from any other source. Defendant, **TARGET CORPORATION,** intentionally withheld, altered or destroyed the evidence with the purpose to disrupt this litigation and Plaintiff Rothenberg has been damaged in her underlying action by having to rely on an evidential record that did not contain the evidence Defendant concealed.

    4. Pursuant to the Punitive Damage Act, N.J.S.A. 2a:15-5.12, Plaintiff, **BARBARA ROTHENBERG,** has satisfied the requirements of this Act and will be pursuing punitive damages for intentional wrongdoing on behalf of the Defendants.

    WHEREFORE, Plaintiff, **BARBARA ROTHENBERG,** demands judgment against Defendant, Target Corporation, jointly, severally or in the alternative in the amount of her damages and cost of suit.

(Certification of Counsel, Ex. A, Plaintiff's Second Amended Complaint and Jury Demand; Docket Entry No. 22).

The Court finds that after separating the well pleaded facts from the legal elements of Plaintiff's claim for fraudulent concealment, the allegations in Plaintiff's proposed Second Amended Complaint fail to establish a plausible claim for relief. Instead, as drafted, Plaintiff's fraudulent concealment claim essentially boils down to a mere allegation that relief is warranted without sufficient factual matter to show an entitlement to same. Indeed, as asserted, Plaintiff's fraudulent concealment claim largely represents the "formulaic recitation of the elements of a cause of action" that *Twombly* specifically held "will not do." 550 U.S. at 555. Of particular

concern are Plaintiff's proposed allegations that Target intentionally withheld, altered or destroyed the surveillance footage at issue with the purpose of disrupting this litigation. Plaintiff's damages allegations are also problematic.

While Plaintiff need not plead intent with specificity (*see* Rule 9(b)), Plaintiff does need to assert facts to support her claim that Target intentionally withheld, altered or destroyed its surveillance footage with the **purpose** of disrupting this matter. Plaintiff's proposed Second Amended Complaint, however, is devoid of any such facts. The same can essentially be said about Plaintiff's claim that she has been damaged by Target's alleged concealment of the surveillance footage she seeks. While Plaintiff's briefing on this motion contains additional information not included in her proposed Second Amended Complaint, including, but not limited to, the fact that Plaintiff's children requested that Target maintain a full copy of the surveillance prior to this litigation being instituted and that the destroyed footage would have shown how the liquid Plaintiff slipped on got onto the floor,[1] how long the liquid was on the floor prior to Plaintiff's fall, what persons were in the immediate area of Plaintiff's fall prior to and after same and what steps were taken by Target to clear away the liquid after Plaintiff's fall, none of these facts are set forth in the proposed Second Amended Complaint. As such, the Court cannot consider same in determining the sufficiency of the proposed pleading.

Under these circumstances, the Court finds that Plaintiff's proposed fraudulent concealment claim and related request for punitive damages are futile. Consequently, Plaintiff's motion is denied. Nevertheless, because it appears that Plaintiff may be able to state a claim for fraudulent concealment under the liberal pleading standards set forth in Rule 15(a) if the additional facts contained in her briefing are actually asserted in the pleading, the Court shall

---

[1] The Court notes that neither Plaintiff's Amended Complaint nor her proposed Second Amended Complaint even contain any allegations regarding the fact that Plaintiff allegedly slipped and fell on liquid in the Target store at issue.

permit Plaintiff to file a Second Amended Complaint, albeit not in the form attached to the instant motion. To the extent Plaintiff intends on pursuing her fraudulent concealment claim and request for punitive damages and believes she is in a position to address the Court's concerns at this time, Plaintiff is directed to file a Second Amended Complaint asserting said claim no later than **April 25, 2014**. If more appropriate, Plaintiff may seek permission to file such an amended pleading at later date if further discovery warrants same. If Plaintiff files a Second Amended Complaint on or before April 25, 2014, Target shall respond to Plaintiff's pleading in any matter it deems appropriate in accordance with the timeline set forth in Rule 15(a)(3).

### III.   Conclusion

For the reasons set forth above, Plaintiff's motion seeking leave to file a Second Amended Complaint is DENIED. Plaintiff may, however, file a Second Amended Complaint in accordance with this Opinion. An appropriate Order follows.

                    s/ Tonianne J. Bongiovanni
                    **TONIANNE J. BONGIOVANNI**
                    **United States Magistrate Judge**